IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **CINCINNATI SPECIALTY** § | |
| **UNDERWRITERS INSURANCE** § | |
| **COMPANY** § | |
| *Plaintiff*, § | |
| § | **CASE NO. 5:19-CV-01115** |
| v. § | |
| § | |
| **ARRIS RESERVE SAN ANTONIO, LLC,** § | |
| and **SPARTAN CONTRACTING** § | |
| **CORPORATION** | |
| *Defendant*. | |

## COMPLAINT SEEKING DECLARATORY RELIEF

TO THE COURT:

Plaintiff CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY ("Cincinnati") files this Original Petition Seeking Declaratory Relief against ARRIS RESERVE SAN ANTONIO, LLC ("Arris") and SPARTAN CONTRACTING CORPORATION ("Spartan"), and in support would respectfully show this Court as follows:

### I. RELIEF SOUGHT

1. Pursuant to 28 U.S.C §2201, Cincinnati seeks a declaration from this Court of no coverage for the claims made by Arris to Cincinnati.

### II. PARTIES

2. Cincinnati is a commercial liability insurance carrier with its headquarters and principal place of business in Cincinnati, Ohio. It is a citizen of the State of Ohio.

3. Arris Reserve San Antonio, LLC is citizen of the State of Texas and a limited liability company registered in the State of Delaware, with its principle office in San Antonio,

Texas. Arris may be served with process through its registered agent, Richard Owen at 3824 Villanova St., Houston Texas 77005.

4. Spartan Contracting Corporation is a citizen of the State of Florida and is a Florida based commercial general contractor construction company. It may be served with process through its registered agent Kramer Scott at 12160 Race Track road, Tampa Florida 33626.

### III.    JURISDICTION & VENUE

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1332 as there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this judicial district under 28 U.S.C. §1391(b)(1) because, upon information and belief, this is the judicial district in which Arris conducts business and because a substantial part of the events or omissions giving rise to this lawsuit have occurred in this district.

### IV.    BACKGROUND

7. Arris is owner of The Reserve at UTSA/San Antonio, a collegiate student housing development in Bexar County, Texas (the "Property"). On or about March 7, 2017, Arris and Spartan entered into a contract agreement where Spartan, a commercial general contractor, would perform renovations to over 200 apartment units. Arris hired Spartan to remove and replace existing flooring at the Property in bedrooms, bathrooms, kitchens and common areas. It is undisputed that Spartan retained One Stop Services, Inc. ("One Stop") as a contractor. Spartan and One Stop performed the scope of work from May 2017 to July 2017.

8. After completion of the work, Arris alleges it received reports of problems with the newly installed flooring, including "bubbling" and peeling of the flooring material. Arris notified

Spartan of the issues with the flooring and demanded that Spartan notify all subcontractors and manufacturers involved in the flooring work.

## V.     POLICY COVERAGES & EXCLUSIONS

9.     Cincinnati issued a Commercial General Liability policy to Spartan under number CSU0077326 (the "Policy"). The Policy was issued in Florida with a policy period from November 23, 2017 to November 23, 2018.

10.     In pertinent part, the Policy provides coverage under the Commercial General Liability Coverage Form:

**SECTION I – COVERAGES**
**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

   **1. Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   **(1)** The amount we will pay for damages is limited as described in Section **III** Limits Of Insurance; and
   **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B.**

   **b.** This insurance applies to "bodily injury" and "property damage" only if:

   **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
   **(2)** The "bodily injury" or "property damage" occurs during the policy period; and
   **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had

**3**

occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1**. of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

   **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
   **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
   **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

**2. Exclusions**

This insurance does not apply to:

**b.  Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

   **(1)** That the insured would have in the absence of the contract or agreement; or
   **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

    **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
    **(b)** Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

**j. Damage to Property**

"Property damage" to:

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1), (3)** and **(4)** of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of seven or fewer consecutive days. A separate limit of insurance applies to Damage to Premises Rented to You as described in Section **III** – Limits of Insurance.
Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs **(3), (4), (5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement. Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k. Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

********

11.    In addition, the Policy contains several definitions helpful in understanding the coverages and exclusions:

**SECTION V — DEFINITIONS**

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. "Coverage territory" means:

   a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

   b. International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in Paragraph a. above; or

   c. All other parts of the world if the injury or damage arises out of:

      (1) Goods or products made or sold by you in the territory described in Paragraph a. above;
      (2) The activities of a person whose home is in the territory described in Paragraph a. above, but is away for a short time on your business; or
      (3) "Personal and advertising injury" offenses that take place through the Internet or similar electronic means of communication; provided the insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in Paragraph a. above or in a settlement we agree to.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

16. "Products-completed operations hazard":

    a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

       (1) Products that are still in your physical possession; or
       (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

          (a) When all of the work called for in your contract has been completed.
          (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
          (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

       Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    b. Does not include **"bodily injury"** or **"property damage"** arising out of:

6

**(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the **"loading or unloading"** of that vehicle by any insured;
**(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or
**(3)** Products or operations for which the classification, listed in the Declarations or in a policy Schedule, states that products-completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:

   **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
   **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the **"occurrence"** that caused it.

22. "Your work":

   **a.** Means:
   **(1)** Work or operations performed by you or on your behalf; and
   **(2)** Materials, parts or equipment furnished in connection with such work or operations.
   **b.** Includes:
   **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
   **(2)** The providing of or failure to provide warnings or instructions.

********

12. The Policy also contains a Breach of Contract Exclusion and is endorsed with an

Independent Contractors Limitations of Coverage form:

<b>EXCLUSION - BREACH OF CONTRACT</b>

A. The following exclusion is added to Paragraph 2., Exclusions of Section I - Coverage A - Bodily Injury and Property Damage Liability:

This insurance does not apply to any claim for "bodily injury" or "property damage" arising directly or indirectly from breach of express or implied contract, including breach of an implied in law or implied in fact contract. This exclusion does not apply to liability for damages that an insured would have in the absence of the contract.

<b>THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.<br>INDEPENDENT CONTRACTORS LIMITATIONS OF COVERAGE</b>

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM
**Section IV - Commercial General Liability Conditions** is amended to include the following language:

As a condition to and for coverage to be provided by this policy, you must do all of the following:

1. Obtain a formal written contract with all independent contractors and subcontractors in force at the time of the injury or damage verifying valid Commercial General Liability Insurance written on an "occurrence" basis with Limits of Liability of at least:
   **a.** $1,000,000 each "occurrence";
   **b.** $2,000,000 general aggregate, per project basis; and
   **c.** $2,000,000 Products-Completed Operations aggregate.

2. Obtain a formal written contract stating the independent contractors and subcontractors have agreed to defend, indemnify and hold you harmless from any and all liability, loss, actions, costs, including attorney fees for any claim or lawsuit presented, arising from tic negligent or intentional acts, errors or omissions of any independent contractor and subcontractor.

3. Verify in the contract that your independent contractors and subcontractors have named you as an additional insured on their Commercial General Liability Policy for damages because of "bodily injury", "property damage", and "personal and advertising injury" arising out of or caused by any operations and completed operations of any independent contractor or subcontractor. Coverage provided to you by any independent contractor or subcontractor must be primary and must be provided by endorsement CG 20 10 (7/04 edition) and CG 20 37 (7/04 edition), or their equivalent. Completed operations coverage must be maintained for a minimum of two years after the completion of the formal written contract.

This insurance will not apply to any loss, claim or "suit" for any liability or any damages arising out of operations or completed operations performed for you by any independent contractors or subcontractors unless all of the above conditions have been met.

## VI. RELIEF SOUGHT

13. Arris alleges that poor installation and workmanship of the floor panels caused it to suffer damages in the amount of $1,365,100. Based on the Policy language, faulty workmanship does not fall within the definition of an "occurrence." Furthermore, Arris alleges that the flooring panels had to be replaced. The Policy does not afford coverage for faulty work performed by a subcontractor, and only water damage resulting from Spartan's work would be covered.

14. Arris made a demand by letter dated June 21, 2019 seeking coverage under the Policy and demanding that Cincinnnati issue payment to it pursuant to the Policy in the amount of $1,365,100.

15. Cincinnati seeks a declaration from this Court of no coverage under the Policy. Additionally, Cincinnati is entitled to a declaration from this Court that it has no duty to provide indemnity to pay for any judgment that might be rendered against Spartan for any claims made against it by Arris.

## VII.   **PRAYER**

CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY prays that after consideration of this matter, either through trial or dispositive motion, that this Court order and declare the following:

a. That no coverage exists under Policy No. CSU0077326 for any claims made Arris against Spartan;

b. That CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY has no duty under Policy No. CSU0077326 to provide indemnity to SPARTAN for the claims made by AARIS or for any judgment that may be rendered in favor of any other person or entity against SPARTAN;

c. That CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY be entitled to receive reasonable and necessary attorney's fees and costs; and,

d. That CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY receive all other relief, general or special, at law or in equity, to which it shows itself entitled to receive.

Respectfully submitted,

LITCHFIELD CAVO, LLP

*/s/ Ellen G. Tagtmeier*
Ellen G. Tagtmeier
State Bar No. 07827700
Federal ID: 12765
tagtmeier@litchfieldcavo.com
One Riverway, Suite 1000
Houston, Texas 77056
Telephone: 713/418-2000
Facsimile: 713/418-2001

**ATTORNEYS FOR CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY**